**UNITED STATES COURT OF INTERNATIONAL TRADE**

EIS Inc.,

*Plaintiff*,

v.

UNITED STATES; U.S. CUSTOMS AND BORDER PROTECTION; and RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection,

*Defendants*.

Court No. 26-03887

**COMPLAINT**

Plaintiff, EIS Inc. ("Plaintiff"), by its undersigned attorneys, alleges the following:

1. Plaintiff is an importer and challenges the assessment of certain duties upon its imported merchandise.

2. Beginning in February 2025, through a series of executive orders, President Donald Trump invoked the International Emergency Economic Powers Act ("IEEPA") as authority to impose tariffs ("IEEPA Duties") on goods imported from nearly every foreign country, including countries from which Plaintiff sources its imported merchandise.

3. Plaintiff is the importer of record of merchandise subject to IEEPA Duties and was responsible for paying IEEPA Duties on its imported goods.

4. On February 20, 2026, the United States Supreme Court, in a consolidated case that included *V.O.S. Selections, Inc. v. United States*, No. 25-00066, held that "IEEPA does not authorize the President to impose tariffs." *Learning Res., Inc. v. Trump*, 607 U.S. 229, 255 (2026).

5. Challenges to IEEPA Duties "fall[] within the exclusive jurisdiction of" the U.S. Court of International Trade. *Id.* at 240 n.1; *see* 28 U.S.C. § 1581(i). As such, this Court has jurisdiction and authority to order remedial relief and refunds of IEEPA Duties paid by importers.

6. Plaintiff seeks a full refund from Defendants of all IEEPA Duties that Plaintiff has paid to the United States, with interest as provided by law.

7. This action is necessary because, notwithstanding the fact that the Supreme Court has held that IEEPA Duties and the underlying executive orders are unlawful, Plaintiff may not be guaranteed a refund of those unlawfully collected IEEPA Duties in the absence of its own order or judgment from this Court.

## PARTIES

8. Plaintiff, EIS Inc., is a corporation organized and existing under the laws of the State of Delaware. Plaintiff is an importer of record for various goods on which IEEPA Duties were paid.

9. Defendant United States received the disputed IEEPA Duties and is a proper defendant pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1581(i).

10. Defendant U.S. Customs and Border Protection ("CBP") is the United States agency responsible for assessing and collecting duties on imports. CBP collected payments made by Plaintiff for the IEEPA Duties.

11. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

12. Defendants are referred to collectively in this Complaint as "Defendants."

## JURISDICTION, STANDING, AND TIMELINESS

13. The Court has subject-matter jurisdiction over this action in accordance with 28 U.S.C. § 1581(i).

14. Pursuant to 28 U.S.C. § 1585, the Court possesses all the powers in law and equity of, or as conferred by statute upon, a district court of the United States. In a civil action under 28 U.S.C. § 1581, the Court may enter a money judgment against the United States and order other appropriate civil relief, including declaratory judgments, injunctions, orders of remand, and writs of mandamus or prohibition. 28 U.S.C. §§ 2643(a)(1), (c)(1).

15. Plaintiff has standing to sue because it is "adversely affected or aggrieved by agency action" within the meaning of 5 U.S.C. § 702 and 28 U.S.C. § 2631(i). As the importer of record, Plaintiff was required to pay and did pay the unlawful IEEPA Duties.

16. This action is timely under 28 U.S.C. § 2636(i) because it is commenced within two years after Plaintiff's claims accrued.

## GENERAL PLEADINGS

### *I. The IEEPA Tariff Orders*

17. Beginning in February 2025, the President issued a series of executive orders invoking IEEPA as authority to impose additional tariffs on imported merchandise.

18. By this Complaint, Plaintiff challenges those executive orders, and amendments thereto, that invoked IEEPA as authority to impose or modify tariffs applicable to goods imported by Plaintiff and pursuant to which Plaintiff made estimated deposits of IEEPA Duties (collectively, the "IEEPA Tariff Orders").

19. The IEEPA Tariff Orders relied on IEEPA as authority to impose those additional duties.

20. Through these IEEPA Tariff Orders, Defendants directed changes to the Harmonized Tariff Schedule of the United States ("HTSUS"), requiring goods subject to the challenged tariffs to be entered under new tariff codes.

21. On April 14, 2025, several companies filed an action in this Court challenging the legality of the IEEPA Tariff Orders. *See V.O.S. Selections, Inc. v. Trump*, Court No. 25-00066. This Court held that the challenged orders were unlawful. The Federal Circuit, sitting *en banc*, affirmed. The Supreme Court subsequently affirmed the Federal Circuit's determination that IEEPA does not authorize the President to impose tariffs.

***II. CBP's Assessment and Collection of the IEEPA Duties***

22. CBP is responsible for assessing and collecting duties on imported merchandise. 19 U.S.C. §§ 1500, 1502.

23. When goods enter the United States, CBP is responsible for assessing and collecting tariffs, including the IEEPA Duties, on the imported merchandise in accordance with the tariff classifications and rates established by the HTSUS. 19 U.S.C. §§ 1202, 1500, 1502.

24. "Liquidation" means the final computation or ascertainment of duties on entries for consumption or drawback entries. 19 C.F.R. § 159.1. Once CBP determines the final amount of duty, CBP liquidates the entry and determines whether the importer owes additional duties or is entitled to a refund.

25. Once liquidation has occurred, an importer of record generally has 180 days to protest a protestable decision encompassed within the liquidation. 19 U.S.C. § 1514. CBP may voluntarily reliquidate an entry within 90 days after the original liquidation. 19 U.S.C. § 1501.

26. Entries that have been liquidated for more than 90 days are beyond CBP's period for voluntary reliquidation under 19 U.S.C. § 1501 and are referred to as "finally liquidated entries."

27. The Court has authority to order reliquidation of entries subject to unlawful IEEPA Duties. *See AGS Co. Auto. Sols. v. U.S. Customs & Border Prot.*,

813 F. Supp. 3d 1298, 1300-02 (Ct. Int'l Trade 2025). The Government has *repeatedly* represented that it "will not object to the Court reliquidating any of plaintiffs' entries subject to IEEPA duties that are found to be unlawful." *See, e.g., Princess Awesome, LLC v. U.S. Customs & Border Prot.*, Court No. 25-00078, ECF No. 16 at 12 n.4 (Ct. Int'l Trade May 23, 2025).

### *III. The Supreme Court Held That IEEPA Duties Are Unlawful*

28. The IEEPA Tariff Orders reference IEEPA, 50 U.S.C. § 1701 *et seq.*, the National Emergencies Act, 50 U.S.C. § 1601 *et seq.*, section 604 of the Trade Act of 1974, 19 U.S.C. § 2483, and 3 U.S.C. § 301 as authority to impose tariffs.

29. As the Supreme Court held in *Learning Resources*, 607 U.S. at 255, none of those statutes authorizes the President to impose the IEEPA tariffs challenged in this action. Accordingly, the IEEPA Duties are unlawful.

### *IV. The CAPE Refund and the Princess Awesome Order*

30. On April 20, 2026, CBP launched the first phase of its Consolidated Administration and Processing of Entries ("CAPE") system in the Automated Commercial Environment to process refunds of certain categories of unliquidated and liquidated entries. CBP subsequently expanded CAPE to accept additional categories of entries for refund processing.

31. On July 15, 2026, this Court issued an order in *Princess Awesome, LLC v. U.S. Customs & Border Protection*, Court No. 25-00078, ECF No. 25-2 (Ct. Int'l Trade July 15, 2026) (the "Princess Awesome Order").

32. The Princess Awesome Order noted that it had been the Government's position that a court order directing reliquidation of finally liquidated entries was necessary to provide the Government with authority to reliquidate those entries and provide complete relief to the plaintiffs. The Court stated that "[t]his order provides the Government with that legal authority." *Id.* at 2.

33. The Princess Awesome Order directs that "U.S. Customs and Border Protection shall reliquidate, without regard to IEEPA duties, any and all of Plaintiffs' entries that have been liquidated for more than 80 days and on which Plaintiffs made estimated deposits pursuant to IEEPA." *Id*. at 4.

### *V. Plaintiff Paid IEEPA Duties*

34. Plaintiff's imported merchandise subject to IEEPA Duties entered the United States under HTSUS codes implemented and/or administered by CBP.

35. As of the date of this Complaint, Plaintiff has paid IEEPA Duties imposed by the IEEPA Tariff Orders.

36. Plaintiff has not received complete refunds of all IEEPA Duties paid on the affected entries of its imported merchandise.

## STATEMENT OF CLAIMS

37. Plaintiff incorporates paragraphs 1 through 36 above by reference.

38. The Supreme Court held that IEEPA does not authorize the President to impose tariffs. *Learning Resources*, 607 U.S. at 255. Accordingly, the IEEPA Tariff Orders are *ultra vires* as applied to Plaintiff, and Defendants' assessment, collection, and continued retention of the IEEPA Duties paid by Plaintiff are unlawful.

39. Plaintiff is entitled to liquidation or reliquidation of its affected entries without the assessment of IEEPA Duties and to refunds of all IEEPA Duties collected from Plaintiff, with interest as provided by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and order that:

A. CBP shall reliquidate, without regard to IEEPA Duties, any and all of Plaintiff's affected entries that have been liquidated with an assessment of IEEPA Duties, including entries liquidated for more than 80 days and finally liquidated entries.

B. For any of Plaintiff's affected entries that remain unliquidated as of the date of the Court's order, CBP shall liquidate those entries without regard to IEEPA Duties.

C. Defendants shall refund to Plaintiff any IEEPA Duties collected from Plaintiff, with interest as provided by law.

D. The Court shall grant such other and further relief as it deems just and proper.

Dated: September 4, 2026

Respectfully submitted,

/s/ Woongchan Yum

Woongchan Yum
**ROBERTS & KEHAGIARAS LLP**
*Attorneys for Plaintiff*
2339 Commerce St., Suite 162
Houston, TX 77002
Phone: 281-915-2789
E-mail: wy@tradeandcargo.com